993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio GORDILLO-PORRAS, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 19, 1993.
 
 Before: FERGUSON, CANBY, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Antonio Gordillo-Porras (Gordillo) was admitted to the United States as a lawful permanent resident on August 31, 1974. He appeals the decision of the Board of Immigration Appeals (BIA) denying his application for a waiver from deportation under section 212(c) of the Immigration and Nationality Act ("INA").[1] Gordillo was deportable based on his two convictions for drug related offenses. 8 U.S.C. §§ 1251(a)(4)(B), (a)(11).
 
 
 3
 Gordillo argues that the BIA abused its discretion in failing to consider properly the factors in favor of granting his application for a waiver. We have jurisdiction under 8 U.S.C. § 1105(a)(1). We find that the BIA failed to consider several factors relevant to Gordillo's showing of rehabilitation. Therefore we reverse the BIA's decision and remand for further proceedings.
 
 I.
 
 4
 We review the BIA's denial of a section 212(c) waiver of deportation for an abuse of discretion. Vargas v. United States Department of Immigration, 831 F.2d 906, 908 (9th Cir.1987). "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). The panel should set aside the BIA's decision if the BIA fails to support its conclusion with a "reasoned explanation based on legitimate concerns." Vargas, 831 F.2d at 908.
 
 
 5
 In declining to exercise its discretion to grant Gordillo's application, the BIA reversed the decision of the immigration judge (IJ). The BIA conducts a de novo review of the record and is empowered to make its own findings and "independently ... determine the legal sufficiency of the evidence." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Therefore, this court's review is generally limited to the BIA's decision. Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992).
 
 
 6
 However, where the IJ and the BIA have reached different conclusions, "the appellate court's reviewing eye may be more searching." Laipenieks v. INS, 750 F.2d 1427, 1429-30 (9th Cir.1985). "Although this court reviews the decision of the BIA, we may properly consider the IJ's findings if in conflict with those of the BIA." Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985). Thus we may review the entire record to determine whether the BIA abused its discretion in denying Gordillo's application.
 
 II.
 
 7
 Gordillo bears the burden of demonstrating that his application for a discretionary waiver merits favorable consideration. Hernandez-Robledo v. INS, 777 F.2d 536, 542 (9th Cir.1985); Matter of Marin, 16 I & N 581, 582-83 (BIA 1978). Since the crimes that Gordillo has committed are considered serious drug offenses, he must show that he has "outstanding equities" weighing in favor of his remaining in the United States. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). A showing of outstanding equities does not automatically entitle Gordillo to a waiver. The BIA must weigh all favorable and adverse factors appearing in the record and decide whether the applicant has met his burden of showing that he merits a favorable exercise of discretion. Matter of Edwards, Interim Decision 3058 (BIA 1988).
 
 
 8
 The BIA found that Gordillo's long residence in the United States and his family ties, consisting of his relationships to his wife, their two biological children, his wife's daughter from another marriage, and his son from a previous marriage, all of whom are United States citizens, constituted outstanding equities. The BIA concluded, however, that Gordillo's equities did not outweigh the serious adverse factor of his controlled substance offenses. The BIA took particular note of the fact that it was not convinced that Gordillo was rehabilitated.
 
 
 9
 Gordillo contends that the BIA failed to consider his close family ties and the hardship that would result to him and his family if he were deported. Gordillo also argues that the BIA failed to consider the effect his deportation would have on his son from his previous marriage.
 
 
 10
 In its decision denying Gordillo's application for section 212(c) relief, the BIA mentioned Gordillo's family, including his son in California, and considered the effects on them of Gordillo's deportation. The BIA concluded that Gordillo's wife and children could adjust to life in Mexico if they chose to move, and that the hardship on his son was not that significant because he lived with his mother in California. We cannot say, with regard to issues relating to the hardship upon the family, that the BIA either overlooked the relevant factors, see Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985), or failed to support its conclusions with a reasoned explanation based upon legitimate concerns. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 11
 Gordillo also contends that the BIA failed to consider properly the evidence of his rehabilitation. Evidence of rehabilitation is "not an absolute prerequisite for a waiver to issue," but the BIA considers it an "important factor for determining relief." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). Rehabilitation played an important role in Gordillo's case. The BIA noted that it was not convinced of Gordillo's rehabilitation, and then considered his lack of rehabilitation as a factor weighing against granting him a discretionary waiver.
 
 
 12
 The BIA was not convinced of Gordillo's rehabilitation for the following reasons: Gordillo had tried, and failed, to stop drinking in 1981; Gordillo had been incarcerated for a substantial period of time since his last drink in October, 1987; and Gordillo failed to demonstrate that he had accepted responsibility for his crimes.
 
 
 13
 The IJ, on the other hand, found credible Gordillo's attempt to rehabilitate himself. The factors considered by the IJ included Gordillo's abstinence from alcohol since October, 1987, his voluntary attendance at Alcoholics Anonymous meetings, his use of the drug Anabuce to combat the temptation to drink, and the support of his wife and children in his efforts to stop drinking. At the hearing, Gordillo testified that his wife attends Al-Anon meetings, which provide support for spouses and relatives of alcoholics. The IJ also noted that both of the crimes giving rise to Gordillo's 1987 and 1990 convictions occurred prior to October, 1987, when Gordillo stopped drinking.
 
 
 14
 We find that the BIA, in coming to its conclusion, failed to consider several factors in the record that are favorable evidence of Gordillo's rehabilitation. The BIA is "required to weigh all factors presented, both favorable and unfavorable.... [T]he stated reasons for denying relief must reflect the BIA's consideration of all relevant factors." Dragon v. INS, 748 F.2d 1304, 1306 (9th Cir.1984) (citations omitted).
 
 
 15
 The BIA did not mention that Gordillo has access to, and is willing to take if necessary, the preventative drug Anabuce. The BIA also failed to mention that both of the crimes for which Gordillo was convicted occurred before he stopped drinking in 1987.[2] Nor did the BIA mention that Gordillo's wife attends Al-Anon support meetings. The BIA's failure even to mention these factors prevents this court from determining whether the BIA made a reasoned decision based on all relevant factors. Mattis, 774 F.2d at 967 ("[W]e cannot assume that the BIA considered factors that it failed to mention."). Moreover, the BIA's conclusion that Gordillo has not accepted responsibility for his actions is contradicted by the substantial evidence of Gordillo's acceptance of responsibility for his alcoholism. Gordillo maintained consistently that his alcoholism caused his criminal behavior. He clearly has accepted responsibility for his alcoholism.
 
 
 16
 The BIA also failed to consider the rehabilitative effects of Gordillo's prison sentence. Congress has determined that one of the purposes for imposing a prison sentence is rehabilitation. 18 U.S.C. § 3553(a)(2)(D). Gordillo was a model prisoner. He participated in several work programs, including a fire fighting program in which he fought twelve forest fires. Gordillo received letters of commendation from two of his supervisors, which the BIA mentioned but not in the context of rehabilitation. Furthermore, the BIA failed to mention that Gordillo's parole report cited his "exceptional institutional adjustment" as the basis for granting his early release on probation. The BIA's failure to consider Gordillo's abundant and probative evidence of his rehabilitation while incarcerated is an abuse of discretion.
 
 
 17
 Gordillo has presented much more evidence of his efforts to rehabilitate than have other unsuccessful applicants. Compare Matter of Edwards, (applicant used controlled substances on at least two occasions while on parole from his most recent incarceration); Matter of Roberts, Interim Decision 4148 (BIA 1991) (applicant failed to participate in drug counseling). Given the nebulous standards for proving rehabilitation, the BIA must at least consider all of an applicant's relevant factors and give a reasoned explanation for its conclusion. The BIA has failed properly to consider all relevant factors in Gordillo's case.
 
 CONCLUSION
 
 18
 The BIA abused its discretion when it failed to consider several factors favorable to determining that Gordillo is rehabilitated. We REVERSE and REMAND to the BIA for further consideration of Gordillo's application in light of this disposition.[3]
 
 BRUNETTI, Circuit Judge, dissenting:
 
 19
 The majority concludes that the BIA abused its discretion because it failed to discuss "several factors favorable to determining that Gordillo is rehabilitated." Because this is neither the proper inquiry nor the right result, I dissent.
 
 
 20
 It is true that "[i]n reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). It is also true that rehabilitation is one important factor for determining relief under § 212(c). Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). However, "[w]e may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id., quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 21
 Under this standard, we would be justified in setting aside the BIA's denial of § 212(c) discretionary relief if the Board's decision did not indicate that the Board took into account Gordillo's asserted rehabilitation. That is not our case. The BIA decision explicitly recognized that the Immigration Judge based his favorable decision in part on Gordillo's "efforts at rehabilitation." BIA Decision, Dec. 31, 1991, at p. 1. The Board then discussed Gordillo's evidence of rehabilitation. It noted Gordillo's report of attendance at Alcoholics Anonymous Meetings, and pointed out that the record contained a 1990 certificate stating that Gordillo had been participating in Alcoholics Anonymous and Narcotics Anonymous. The Board also noted that Gordillo had quit drinking in 1981 with the help of his church, but he resumed drinking and was twice arrested for driving while intoxicated. The Board further considered that Gordillo had spent the last two years in detention in the State of Nevada and, moreover, that he has failed to accept responsibility for the actions which led to his conviction for conspiracy to sell cocaine. As to this last conviction, Gordillo claimed he was arrested for violating probation when he was caught drinking with some friends but that no drugs were involved. BIA Decision, Dec. 31, 1991, at p. 5. Although the Board recognized his efforts at rehabilitation, it was "not convinced" that Gordillo was rehabilitated. Id.
 
 
 22
 The Board plainly did consider all relevant factors in making its determination, including the factor of rehabilitation. I do not consider the Board's failure to discuss every piece of evidence Gordillo offered on the issue of his rehabilitation tantamount to a failure to consider that factor at all.
 
 
 23
 The BIA did not believe that Gordillo's attempts to cure his problems with alcohol showed that he was rehabilitated. Just as in Ayala-Chavez itself, this conclusion was reasonable. 944 F.2d at 642. That the Immigration Judge did, or that we would conclude otherwise does not make the Board's determination an abuse of discretion. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 212(c), codified at 8 U.S.C. § 1182(c), provides discretionary relief from deportation to permanent resident aliens who have resided legally in the country for seven years. Vargas v. INS, 831 F.2d 906, 908 n. 3 (9th Cir.1987). "Although this provision applies only on its face to exclusion proceedings, this court has interpreted it to apply to deportation hearings as well." Id
 
 
 [2]
 The BIA states that "the respondent testified that his alcoholism led to his criminal problems and that he has not had a drink since October 1987." However, the BIA goes on to mention that Gordillo's conviction for conspiracy was in 1990. It is unclear from the BIA decision whether the BIA properly understood that although the conviction occurred in 1990, the criminal activity that formed the basis for the conviction occurred prior to October, 1987
 
 
 [3]
 Gordillo requests an award of the attorneys' fees and costs incurred in his appeal. The Supreme Court has held that the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, does not apply to administrative immigration proceedings. Ardestani v. INS, 112 S.Ct. 515 (1991). Thus, even if Gordillo prevails on remand, he will not be entitled to attorney's fees and costs