996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anton Michael UKALOVICH, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70170.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anton Michael Ukalovich petitions pro se for review of a Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Ukalovich deportable as charged and denying as a matter of discretion Ukalovich's application for waiver of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion, Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991), and deny the petition for review.
 
 
 3
 On October 9, 1984, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Ukalovich with being deportable under section 241(a)(11) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(11), because he had been convicted of possession of heroin. Ukalovich conceded deportability and filed an application for waiver of deportation pursuant to section 212(c) of the INA, 8 U.S.C. § 1182(c). The IJ found Ukalovich statutorily eligible for waiver of deportation but denied relief as a matter of discretion. The IJ determined that the equities in Ukalovich's favor were not outstanding or unusual and did not outweigh the negative factors, specifically Ukalovich's drug convictions and lack of rehabilitation. On appeal, the BIA affirmed.
 
 
 4
 The sole question in this petition is whether the BIA abused its discretion by denying Ukalovich's request for waiver of deportation.[1] Our review is limited to the BIA's decision. Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992). "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez, 944 F.2d at 642 (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 5
 In its order, the BIA first stated that the IJ considered all the relevant factors as set forth in previous BIA decisions.[2] The BIA then noted Ukalovich's criminal history, which includes a 1967 conviction for possession of marijuana, a 1974 conviction for forgery, a 1975 conviction for possession of heroin, and convictions in 1984 for aggravated assault and burglary while armed with a deadly weapon. The BIA appropriately found these multiple convictions to be "an extremely serious negative factor." See Ayala-Chavez, 944 F.2d at 642 (stating that BIA "adequately evaluated the gravity of [petitioner's] offenses by enumerating each and concluding that his convictions weighed heavily against him"). Moreover, the BIA correctly determined that Ukalovich's pattern of serious criminal activity required that he show outstanding equities. See id. at 641.
 
 
 6
 The BIA then noted the equities in Ukalovich's favor, including his long residence history beginning at a young age and his extensive family ties. The BIA found, however, that although some of Ukalovich's equities, such as his length of residence, were outstanding, they did not outweigh his negative factors, particularly his extensive criminal history. The BIA also found that any hardship Ukalovich's family would suffer was insufficient to outweigh that criminal history. Finally, the BIA noted that Ukalovich was unemployed, that he had spent ten of the last twenty years of his life in prison, and that he had never entered a drug rehabilitation program.
 
 
 7
 We are satisfied that the BIA considered the relevant factors and supported its conclusions with reasoned explanations. See Ayala-Chavez, 944 F.2d at 642; Mattis, 774 F.2d at 967. The BIA did not abuse its discretion by denying Ukalovich's request for waiver of deportation.
 
 PETITION FOR REVIEW DENIED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelenquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. § 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [2]
 Matter of Roberts, Int.Dec. 3148 (BIA 1991); Matter of Edwards, Int.Dec. 3134 (BIA 1990); Matter of Buscemi, 19 I. & N. Dec. 628 (1988); Matter of Marin, 16 I. & N. Dec. 581 (1978)
 Favorable equities include: family ties, length of residence in the United States, entry into this country at a young age, expected hardship to the petitioner or his family if he is deported, service in the country's military, employment, business or property ties, value and service to the community, proof of genuine rehabilitation, and any other favorable character evidence. Negative factors include: the nature and circumstances of the crime, and additional significant immigration violations, the nature, recency, and seriousness of the petitioner's criminal record, and any other negative character evidence. See Buscemi, 19 I. & N. Dec. at 633; Marin, 16 I. & N. Dec. at 584-85.
 
 
 [3]
 We reject Ukalovich's contention that the BIA erred by denying relief on the ground he showed no evidence of rehabilitation. Ukalovich failed to present any evidence of his rehabilitation either to the IJ or the BIA. Thus, we may not consider it. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985)
 We also reject Ukalovich's contention that the IJ failed to inform Ukalovich of the seriousness of the charges. The hearing transcript shows that the IJ told Ukalovich he was deportable. That Ukalovich may have thought he could not be deported because of his long period of residence does not change this conclusion.
 Finally, Ukalovich's complaint that he was not represented by counsel does not warrant granting his petition because the IJ gave him ample opportunity to find counsel and because he had no right to counsel at government expense. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).