9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopold Sylvester DAVIS, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leopold Sylvester Davis, a native and citizen of Jamaica, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Davis deportable as charged and denying as a matter of discretion Davis's application for waiver of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion, Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991), and deny the petition for review.
 
 
 3
 On January 9, 1991, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Davis with being deportable as an aggravated felon under section 241(a)(4)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(4)(B), and as an alien convicted of violation of a law regarding a controlled substance under section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11), because Davis had been convicted of distribution of cocaine. Davis conceded deportability and filed an application for waiver of deportation pursuant to section 212(c) of the INA, 8 U.S.C. § 1182(c).[1] The IJ found Davis statutorily eligible for waiver of deportation but denied relief as a matter of discretion. The IJ determined that the equities in Davis's favor were not outstanding or unusual and did not outweigh the negative factors, specifically Davis's conviction of a serious drug offense. The IJ also found that Davis had denied meaningful participation in drug-related activity and attempted to shift the blame for his activities. On appeal, the BIA affirmed the IJ's denial of discretionary relief under section 212(c).
 
 
 4
 The sole question in this petition is whether the BIA abused its discretion by denying Davis's request for waiver of deportation.[2] Our review is limited to the BIA's decision. Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992). "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez, 944 F.2d at 642 (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 5
 The BIA concluded that the IJ considered all the relevant factors as set forth in previous BIA decisions.[3] The BIA disagreed with the IJ's findings that Davis had denied participation in drug-related activities and attempted to shift the blame, and concluded that Davis had accepted responsibility for his actions. The BIA nevertheless found that the equities in Davis's favor were not unusual or outstanding. The BIA noted Davis's criminal history, including a 1972 misdemeanor shoplifting conviction and the cocaine distribution conviction, and Davis's use of drugs over a long period. The BIA appropriately found Davis's conviction for distribution of cocaine to be "an extremely serious negative factor" requiring that he show outstanding equities. See Ayala-Chavez, 944 F.2d at 641-42.
 
 
 6
 The BIA then noted the equities in Davis's favor, including his United States citizen wife and daughter, his employment, his purchase of a home, his lack of further criminal or drug problems, and the many letters of recommendation submitted in his behalf. The BIA also noted that Davis had entered the country at age 30, lived in this country for 9 years, and that Davis's wife and daughter had been able to manage without him during his incarceration. The BIA concluded that the positive factors and the hardship to his family did not outweigh the negative factors, particularly his serious criminal history.
 
 
 7
 We are satisfied that the BIA considered the relevant factors and supported its conclusions with reasoned explanations. See Ayala-Chavez, 944 F.2d at 642; Mattis, 774 F.2d at 967. The BIA did not abuse its discretion by denying Davis's request for waiver of deportation.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelenquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. § 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [2]
 In his appeal to the BIA, Davis also contended that he had been deprived of effective assistance of counsel in his deportation hearing because his counsel had failed to subpoena Davis's probation officer to testify in Davis's behalf. Because Davis has not raised this issue in his brief to this court, we need not consider it. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1989)
 
 
 [3]
 Matter of Edwards, Int. Dec. 3134 (BIA 1990); Matter of Buscemi, 19 I. & N. Dec. 628 (1988); Matter of Marin, 16 I. & N. Dec. 581 (1978)
 Favorable equities include: family ties, length of residence in the United States, entry into this country at a young age, expected hardship to the petitioner or his family if he is deported, service in the country's military, employment, business or property ties, value and service to the community, proof of genuine rehabilitation, and any other favorable character evidence. Negative factors include: the nature and circumstances of the crime, and additional significant immigration violations, the nature, recency, and seriousness of the petitioner's criminal record, and any other negative character evidence. See Buscemi, 19 I. & N. Dec. at 633; Marin, 16 I. & N. Dec. at 584-85.