17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilberto Gomez NERI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70689.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 1
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Gilberto Gomez Neri, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the immigrations judge's ("IJ") decision finding Neri deportable for conviction of crimes involving moral turpitude, and denying as a matter of discretion Neri's application for waiver of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 On June 30, 1992, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Neri with being deportable under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1251(a)(2)(A)(ii), as an alien who had been convicted at any time after entry of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. Neri had been convicted of committing lewd acts and sodomy upon his three children. Neri conceded deportability and filed an application for waiver of deportation pursuant to section 212(c) of the Act, 8 U.S.C. Sec. 1182(c).[1] The IJ found Neri statutorily eligible for waiver of deportation, but denied relief as a matter of discretion. The BIA affirmed the IJ's decision.
 
 
 5
 We review for abuse of discretion the BIA's decision to deny a section 212(c) application for waiver of deportation. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez, 944 F.2d at 642 (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 6
 An application for discretionary relief under section 212(c) "necessitates a balancing of the adverse factors of record evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf" to determine whether waiver of deportation is in the best interest of the United States. Matter of Marin, 16 I & N Dec. 581, 584 (1978). An applicant for section 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Id. at 583.
 
 
 7
 The equities that the applicant must bring forward to elicit favorable discretionary action "will depend in each case on the nature and circumstances of the ground of exclusion sought waived and on the presence of any additional adverse factors." Id. at 585. Adverse factors include the nature and circumstances of the crimes serving as the ground for deportation, additional significant violations of immigrations laws, the nature, recency and seriousness of the applicant's criminal record, and any other negative character evidence. Matter of Buscemi, 19 I & N Dec. 628, 633 (1988). Favorable factors include family ties within the U.S., length of residence in the U.S., entry into the U.S. at a young age, evidence of hardship to the applicant and his or her family if deportation occurs, service in the U.S. military, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other favorable character evidence. Matter of Marin, 16 I & N Dec. at 585.
 
 
 8
 In its per curiam order, the BIA indicated that it had reviewed the record, the IJ's decision, and Neri's contentions on appeal. The BIA found that the IJ "adequately addressed the issues raised on appeal," and affirmed the IJ's decision "based upon and for the reasons set forth in that decision." Because the BIA expressly incorporated by reference the IJ's reasoning, our review will focus on that reasoning.
 
 
 9
 After balancing the appropriate factors, the IJ determined that the "adverse factors do outweigh the favorable factors and that a discretionary grant of relief is not appropriate in this case." The adverse factors considered by the IJ were that Neri: (1) had not begun the process of rehabilitation because he continued to deny that he had committed any of the crimes for which he was convicted and never did anything while incarcerated "indicative of rehabilitation;" (2) was convicted of the "vile and base misconduct" of sodomy and lewd acts committed upon his three daughters; (3) had no contact with his wife and three children during his five years of incarceration, has no idea how they are supporting themselves or if they want him back, and that they would not suffer any hardship by being separated from him; (4) has had only minimal contacts with his sister in this country and these contacts occurred only since his detention by the INS; (5) has many family members in Mexico whom he visited every two weeks prior to his incarceration, and who can assist him in adjusting to life in Mexico and finding employment there in his current line of work as a gardener; and (6) will incur no hardship by being made to return to Mexico.
 
 
 10
 The favorable factors considered by the IJ were that Neri: (1) has been in this country for twenty-four years, eleven of those legally; and, (2) has three U.S. citizen children and a legal permanent resident wife and sister, all currently residing in the U.S. After weighing all of these factors, the IJ concluded that the favorable factors "are not sufficient to outweigh the serious adverse factors mitigating against a grant of relief." We find no error in the IJ's path to this conclusion and no abuse of discretion in his denial of section 212(c) relief. Accordingly, the BIA did not err by upholding the IJ's denial of Neri's application for section 212(c) relief. See Ayala-Chavez, 944 F.2d at 642.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)