19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Fernando LUGO-LOPEZ, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70606.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Fernando Lugo-Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Lugo-Lopez deportable for conviction of a controlled substance violation, and denying as a matter of discretion Lugo-Lopez' application for waiver of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 On March 2, 1989, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Lugo-Lopez with being deportable under section 241(a)(11) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1251(a)(11), as an alien who had been convicted of a controlled substance violation. Lugo-Lopez had been convicted on October 6, 1987 in California state court of being under the influence of a controlled substance. Lugo-Lopez conceded deportability and filed an application for waiver of deportation pursuant to section 212(c) of the Act, 8 U.S.C. Sec. 1182(c).[1] The IJ found Lugo-Lopez statutorily eligible for waiver of deportation, but denied relief as a matter of discretion. The BIA affirmed the IJ's decision.
 
 
 4
 We review for abuse of discretion the BIA's decision to deny a section 212(c) application for waiver of deportation. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez, 944 F.2d at 642 (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 5
 An application for discretionary relief under section 212(c) "necessitates a balancing of the adverse factors of record evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf" to determine whether waiver of deportation is in the best interest of the United States. Matter of Marin, 16 I & N Dec. 581, 584 (1978). The BIA requires that the equities be outstanding before it will grant section 212(c) relief to an applicant who has been convicted of a serious drug offense or whose record reflects a pattern of serious criminal activity. Ayala-Chavez, 944 F.2d at 641. An applicant seeking section 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Id. at 583.
 
 
 6
 The equities that the applicant must bring forward to elicit favorable discretionary action "will depend in each case on the nature and circumstances of the ground of exclusion sought waived and on the presence of any additional adverse factors." Id. at 585. Adverse factors include the nature and circumstances of the crimes serving as the ground for deportation, additional significant violations of immigrations laws, the nature, recency and seriousness of the applicant's criminal record, and any other negative character evidence. Matter of Buscemi, 19 I & N Dec. 628, 633 (1988). Favorable factors include family ties within the U.S., length of residence in the U.S., entry into the U.S. at a young age, evidence of hardship to the applicant and his or her family if deportation occurs, service in the U.S. military, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other favorable character evidence. Matter of Marin, 16 I & N Dec. at 585.
 
 
 7
 Lugo-Lopez contend that the BIA abused its discretion by denying him section 212(c) relief because it failed to properly consider his rehabilitation efforts. This contention lacks merit.
 
 
 8
 The BIA's per curiam opinion reveals that rather than focusing on one particular aspect of Lugo-Lopez' application, it fully reviewed the entire record and properly weighed the favorable and adverse factors before reaching a decision. On the adverse side, the BIA noted that Lugo-Lopez (1) was convicted of the 1987 drug offense which is the basis for the order of deportation, (2) was convicted of burglary in 1980 and 1986, and an additional drug offense in 1985, (3) demonstrated a disregard for the judicial system by failing to appear on three occasions for court proceedings regarding these prior convictions, (4) had a weak employment record, (5) demonstrated no financial hardship to his family were he to be deported, and (6) failed to demonstrate rehabilitation based on his admittedly untruthful statements regarding his drug use.
 
 
 9
 The BIA noted an outstanding equity in the form of Lugo-Lopez' 21-year residence in the U.S. Other favorable equities noted by the BIA included (1) Lugo-Lopez' significant family ties in the U.S. consisting of his mother and four siblings, (2) the emotional hardship he and his family would experience if he were deported, (3) the fact that he helps in the care of his disabled sister, (4) his attempts at rehabilitation through attendance at drug treatment programs, and (5) his attendance at church with his mother.
 
 
 10
 After weighing these factors, the BIA concluded that those favorable to Lugo-Lopez' failed to outweigh those adverse to a decision to grant him the relief he requested. We find no error in the BIA's path to this conclusion and in its decision upholding the IJ's denial of section 212(c) relief. See Ayala-Chavez, 944 F.2d at 642.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)