Ian George MATTIS, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–7539.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1985.

Decided March 29, 1985.

As Corrected April 23, 1985.

Robert A. Free, MacDonald, Hoague & Bayless, Seattle, Wash., for petitioner.

Marshall Tamor Golding, Thomas W. Hussey, Attys., Dept. of Justice, Washington, D.C., for respondent.

Before FARRIS, ALARCON, and FERGUSON, Circuit Judges.

ALARCON, Circuit Judge:

Ian Mattis petitions for review of the Board of Immigration Appeals' (hereinafter BIA) denial of his motion to reopen deportation proceedings to apply for adjustment of status under 8 U.S.C. § 1255(a). Mattis contends that the BIA abused its discretion in: (1) concluding that he failed to make a prima facie case of extreme hardship to his United States citizen wife under 8 U.S.C. § 1182(h); and (2) denying his motion to reopen to apply for adjustment of status under 8 U.S.C. § 1255(a) as a matter of discretion.

FACTS

Mattis, a native and citizen of Jamaica, entered the United States as a permanent resident in November 1975. He was convicted of two misdemeanor shoplifting offenses in September 1979 and in May 1980. In December 1981, an immigration judge found him deportable as an alien convicted

of two crimes involving moral turpitude, and the BIA affirmed. This court dismissed Mattis's petition for review for failure to prosecute on October 13, 1982.

On October 21, 1982, the Immigration and Naturalization Service (hereinafter INS) notified Mattis to report for deportation on October 27, 1982. The INS agreed to extend the deportation date until October 29, 1982. On October 28, 1982, Mattis moved to reopen deportation proceedings to apply for adjustment of status based on his October 26, 1982 marriage to a United States citizen.

To establish eligibility for adjustment of status, an alien must show that: (1) he has applied for adjustment; (2) he is eligible to receive an immigrant visa and is admissible for permanent residence; and (3) an immigrant visa is immediately available to him. 8 U.S.C. § 1255(a). Mattis is excludable from admission into the United States because of his prior shoplifting convictions. 8 U.S.C. § 1182(a)(9). To qualify for adjustment of status, therefore, Mattis must obtain a waiver of excludability under 8 U.S.C. § 1182(h). To obtain a waiver of excludability, he must establish, *inter alia,* that his exclusion will result in extreme hardship to his United States citizen wife. 8 U.S.C. § 1182(h).[1] Thus, in order to demonstrate admissibility under 8 U.S.C. § 1255(a) (adjustment of status), Mattis must establish extreme hardship to his United States citizen wife, qualifying him for a waiver of excludability under 8 U.S.C. § 1182(h). The BIA denied Mattis's motion to reopen for failure to make a prima facie case of extreme hardship to his United States citizen wife.[2] The BIA also held that, even assuming Mattis's statutory eligibility for adjustment of status, the motion should be denied as a matter of discretion.

DISCUSSION

A. *Extreme Hardship*

The BIA has broad discretion when ruling on motions to reopen, but it may not exercise its discretion in a way that is arbitrary, irrational or contrary to law. *Patel v. INS,* 741 F.2d 1134, 1136 (9th Cir.1984). In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors. *Batoon v. INS,* 707 F.2d 399, 401 (9th Cir.1983). Cursory, summary or conclusory statements are inadequate. *Patel,* 741 F.2d at 1137; *Batoon,* 707 F.2d at 401. Moreover, the BIA's denial of relief can be affirmed only on the basis articulated in the decision, *Ro v. INS,* 670 F.2d 114, 116 (9th Cir.1982), and we cannot assume that the BIA considered factors that it failed to mention in its decision. *Batoon,* 707 F.2d at 402.

Along with his application for waiver of excludability and motion to reopen, Mattis and his wife submitted numerous affidavits and other evidentiary material relating to the asserted extreme hardship that Mattis's deportation would cause his wife. In denying the motion to reopen, the BIA addressed none of this evidence. The BIA simply stated that Mattis had failed to establish statutory eligibility because he had not shown that his deportation would result in extreme hardship to his United States citizen wife. The BIA articulated no reasons for reaching this conclusion. Thus, whether or not Mattis presented sufficient evidence to establish a prima facie case of hardship, the BIA's failure to address the evidence presented or to articulate reasons for its negative conclusion was an abuse of discretion requiring reversal and remand. *Batoon,* 707 F.2d at 401; *Sida v. INS,* 665 F.2d 851, 854–55 (9th Cir.1981); *Perez v. INS,* 643 F.2d 640, 641 (9th Cir.1981), *cert. dismissed,* 459 U.S. 983, 103 S.Ct. 320, 74 L.Ed.2d 296 (1982).

---

**1.** Section 1182(h) also requires a showing that the alien's admission into the United States "would not be contrary to the national welfare, safety, or security of the United States ...." 8 U.S.C. § 1182(h).

**2.** Motions to reopen will not be granted where prima facie eligibility for the relief requested is lacking. *See Villena v. INS,* 622 F.2d 1352, 1358 (9th Cir.1980) (en banc). *See generally* 8 C.F.R. § 242.22 (1984) (motions to reopen).

### B. *Discretionary Denial*

Although the BIA has discretion to determine under what circumstances proceedings should be reopened, *INS v. Wang*, 450 U.S. 139, 143–44, n. 5, 101 S.Ct. 1027, 1030–31, n. 5, 67 L.Ed.2d 123 (1981) (per curiam), the BIA's function at the motion to reopen stage is merely to determine whether the alien has set forth a prima facie case of eligibility for relief, not to determine ultimate eligibility or to exercise discretion. *Urbano de Malaluan v. INS*, 577 F.2d 589, 592–93 (9th Cir.1978). We have expressed "grave doubts as to whether the Board should be allowed to consider factors other than those pertaining to the establishment of a prima facie case in ruling on a motion to reopen." *Reyes v. INS*, 673 F.2d 1087, 1090 (9th Cir.1982). *See also Villena v. INS*, 622 F.2d 1352, 1359 (9th Cir.1980) (en banc) ("It is an abuse of discretion for the Board to deny a motion to reopen where the alien has set forth a prima facie case of eligibility"); *Sida v. INS*, 665 F.2d 851, 854–55 (9th Cir.1981) (BIA may not refuse to consider evidence supporting motion to reopen and must address the evidence presented). We have upheld a BIA denial of relief on discretionary grounds at the motion to reopen stage, however, where the BIA has also properly found that the alien had not demonstrated prima facie eligibility for suspension of deportation. *Agustin v. INS*, 700 F.2d 564, 565–66 (9th Cir.1983). We have also held that the BIA abused its discretion when it denied reopening where the petitioner presented a prima facie showing of entitlement to political asylum relief. *Samimi v. INS*, 714 F.2d 992, 994–95 (9th Cir.1983).

■ We do allow the BIA, however, to exercise its discretion to deny relief at the motion to reopen stage, even if a prima facie case is made, where the alien seeks to reopen to apply for adjustment of status relief requiring no discretionary determination of statutory eligibility. *Ahwazi v. INS*, 751 F.2d 1120 at 1122 (9th Cir. Jan. 16, 1985); *Obitz v. District Director of INS*, 623 F.2d 1331, 1332 (9th Cir.1980) (en banc). Where a discretionary determina-

tion of a statutory eligibility requirement of extreme hardship is required, though, denial of a hearing when a prima facie case is made is improper. *Ahwazi*, 751 F.2d at 1122, n. 2; *Obitz*, 623 F.2d at 1332–33.

■ Here, in denying Mattis's motion to reopen, the BIA stated that the motion should be denied as a matter of discretion, even assuming Mattis's statutory eligibility for adjustment of status. Because eligibility for relief in Mattis's case turns not on compliance with fixed statutory standards, but on establishment of extreme hardship to Mattis's wife, *Obitz*, 623 F.2d at 1332–33, the BIA erroneously denied reopening and exercised its discretion to deny relief at the motion to reopen stage of the proceedings. *See Ahwazi*, 751 F.2d at 1122; *Obitz*, 623 F.2d at 1332; *see also Urbano de Malaluan v. INS*, 577 F.2d 589, 592–93 (9th Cir.1978).

■ Moreover, when the BIA denies relief as a matter of discretion, it may not exercise its discretion arbitrarily. *Patel v. INS*, 741 F.2d 1134, 1136 (9th Cir.1984). *See also INS v. Begamasbad*, 429 U.S. 24, 26, 97 S.Ct. 200, 201, 50 L.Ed.2d 190 (1976) (basis for the BIA's discretionary findings must be set forth in writing). BIA discretionary denials must show that the BIA weighed both favorable and unfavorable factors. *De La Luz v. INS*, 713 F.2d 545, 546 (9th Cir.1983). We have consistently required the BIA to state its reasons and show proper consideration of all factors when weighing equities and denying relief. *See Ahwazi v. INS*, 751 F.2d 1120, slip op. at 1122 (9th Cir. Jan. 16, 1985); *Ramirez-Gonzalez v. INS*, 695 F.2d 1208, 1213 (9th Cir.1983); *Contreras-Buenfil v. INS*, 712 F.2d 401, 403 (9th Cir.1983); *Ro v. INS*, 670 F.2d 114, 116 (9th Cir.1982); *Villena v. INS*, 622 F.2d 1352, 1361, n. 2 (9th Cir.1980) (en banc). Where factual assertions in affidavits supporting a motion to reopen are specific and not conclusory, moreover, the BIA must accept their truth unless they are inherently incredible. *See Agustin v. INS*, 700 F.2d 564, 565 (9th Cir.1983); *Reyes v. INS*, 673 F.2d 1087, 1090 (9th

Cir.1982); *Hamid v. INS*, 648 F.2d 635, 637 (9th Cir.1981).

Here, the BIA denied reopening as a matter of discretion because Mattis's "last-minute marriage" did not present substantial equities. The BIA did not consider the marriage a sham, but concluded that it was suspect because it occurred on the day before Mattis's scheduled deportation.

Mattis and his wife asserted, by affidavit and other evidentiary material, that they: (1) were in love; (2) had lived together since April 1982; (3) had commingled their funds since July 1982; (4) intended to marry and establish a life together; (5) became engaged in June 1982; and (6) married earlier than their planned wedding date when Mattis was notified that he would be deported. Mattis also asserted that he was gainfully employed, had never been on public assistance, and had not been involved in criminal activities since his May 1980 misdemeanor conviction.

The BIA did not specifically find any of these allegations inherently incredible, but it apparently disbelieved the evidence concerning the bona fides of the marriage because it considered only the timing of the marriage and concluded that the marriage presented no substantial equities. The BIA ignored evidence that Mattis was gainfully employed and financially responsible, as well. The BIA abused its discretion when it failed to consider this evidence, *De la Luz*, 713 F.2d at 546, and when it disbelieved affidavit evidence that was not inherently incredible. *Agustin*, 700 F.2d at 565; *Reyes*, 673 F.2d at 1090.

CONCLUSION

For the reasons stated in the foregoing discussion, the petition for review is GRANTED and the BIA's decision is REVERSED and REMANDED.