990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby Trillanes DEMADURA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent
 No. 91-70558.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided March 30, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Bobby Trillanes Demadura, a citizen of the Philippines, entered the United States as a lawful permanent resident in 1982. He was convicted in 1985 of one count of accessory to murder and two counts of accessory to assault with a deadly weapon. Deportation proceedings were commenced against Demadura in 1986, alleging deportability under section 241(a)(4) of the Immigration and Naturalization Act ("the Act"). Demadura conceded his deportability, but sought an adjustment of status and a waiver of excludability under sections 245 and 212(h) of the Act. 8 U.S.C. §§ 1255 & 1182(h) (1988). The immigration judge denied the exclusion waiver and the adjustment of status. The Board of Immigration Appeals ("BIA") dismissed his appeal. He now petitions for review of the BIA's decision. We deny the petition.
 We review for abuse of discretion the BIA's decision to deny discretionary relief from deportation. Mattis v. U.S.I.N.S., 774 F.2d 965, 967 (9th Cir.1985). The BIA's discretionary denial of a waiver of exclusion can only be set aside if the decision " 'fails to support [its] conclusions with reasoned explanation based on legitimate concerns.' " Hassan v. I.N.S., 927 F.2d 465, 467-68 (9th Cir.1991) ( quoting Vargas v. I.N.S., 831 F.2d 906, 908 (9th Cir.1987)).
 Demadura argues that the BIA failed to consider some salient facts and misconstrued others in making its decision. We disagree. First, the BIA did not say that Demadura intentionally prevented others from aiding the murder victim by brandishing a knife. Second, the BIA did consider the salient facts regarding his rehabilitation. The BIA did not need to state explicitly that he was still married or that he had not committed any crimes since leaving prison. There is nothing to suggest that the BIA believed otherwise. Finally, the BIA was not required to consider the impact of the deportation on Demadura's parents and children since the BIA concluded that Demadura had shown that deportation would result in extreme hardship for his family based solely on its impact on his wife.
 
 
 1
 The BIA did not abuse its discretion in concluding that the facts in Demadura's favor were outweighed by the seriousness of his offense. The petition for review of the BIA's decision is accordingly Denied.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3