5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juan Francisco ARECHIGA-PEREZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 14, 1993.
 
 Before TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Francisco Arechiga-Perez petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the immigration judge's denial of Arechiga-Perez' application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction under 8 U.S.C. Sec. 1105a and deny the petition for review.
 
 BACKGROUND
 
 3
 Arechiga-Perez ("petitioner") is a citizen of Mexico who came to the United States in 1965 at the age of three months. He became a lawful permanent resident in 1972. His immediate family resides in the United States: all of his siblings are United States citizens, and his parents are permanent residents.
 
 
 4
 Arechiga-Perez has been involved in a variety of criminal activities in the United States. In 1985, he was convicted for being under the influence of an opiate, and receive a second conviction that year for being under the influence of heroin. He was convicted in 1986 of receiving stolen property and petty theft. In 1987, he was convicted of tampering with a vehicle, and in 1991, he was convicted of attempted burglary. Arechiga-Perez also has a sealed juvenile record. None of these convictions were felonies.
 
 
 5
 The Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Arechiga-Perez with being deportable under 8 U.S.C. Sec. 1251(a)(2)(B)(i), based on the 1985 controlled substance convictions.
 
 
 6
 The Immigration Judge ("IJ") found petitioner deportable at a November 15, 1991 hearing. While the IJ found him statutorily eligible for a waiver of deportation under 8 U.S.C. Sec. 1182(c), she denied petitioner's request for discretionary relief. The BIA affirmed on February 21, 1992. Arechiga-Perez timely appeals the denial of discretionary relief.
 
 DISCUSSION
 
 7
 We review a denial of discretionary waiver of deportation for an abuse of discretion. See Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). The BIA's decision can be set aside "only if the [BIA] fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 8
 The IJ counted a number of factors in petitioner's favor, including that he had resided in the United States for most of his life and that all of his immediate family members resided lawfully in the United States. The IJ also recognized that deportation would create hardship for Arechiga-Perez and his family; his mother testified that she would move to Mexico with her three young children to be with petitioner.
 
 
 9
 However, the IJ counted numerous factors which weighed against a waiver of deportation. As mentioned above, Arechiga-Perez has had numerous criminal convictions.
 
 
 10
 The IJ found that Arechiga-Perez had not introduced convincing evidence of rehabilitation. Although his parents and sister testified that he would not get into any more trouble because the deportation hearings had been a good lesson to him, and Arechiga-Perez testified that he would not get into any more trouble because he was on probation for his last criminal offense and was tired of being away from his family, the IJ found this testimony unconvincing.[1] The IJ further found that Arechiga-Perez had a hostile attitude and did not exhibit respect for the law, as evidenced by his previous failure to attend three criminal court proceedings.
 
 
 11
 The IJ also cited the lack of evidence regarding Arechiga-Perez' employment history. Although the petitioner testified that he has been employed in construction, janitorial, factory, and maintenance work since he quit high school, he provided no documentation of employment, and he has never filed income tax returns. Petitioner has no outstanding job offers.
 
 
 12
 Finally, the IJ found that Arechiga-Perez' testimony was not credible, due to inconsistencies with the testimony of his parents on two important points. First, petitioner testified that his grandparents in Mexico were dead, while his father testified that petitioner's paternal grandmother is still alive. The petitioner also testified that he had been to Mexico only once, during a brief two-day visit to Tijuana; petitioner's mother testified that petitioner had traveled with the entire family to Mexico twice to visit the grandmother, who lived in Culiacan.[2]
 
 
 13
 The BIA affirmed, concluding that the IJ "gave due consideration to all of the equities in [petitioner's] favor, including his long residence in the United States and the existence of numerous family members in this country." The BIA concurred in the IJ's determination that the adverse factors outweighed the favorable ones.
 
 
 14
 The record indicates that the BIA considered all the evidence. "BIA discretionary denials must show that the BIA weighed both favorable and unfavorable factors." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). The BIA supported its conclusion with a reasoned explanation, and we cannot say that it abused its discretion by holding that the negative factors outweighed the equities in Arechiga-Perez' favor. Although petitioner argues that none of his "relatively minor offenses" were felonies and contests the weight given to the convictions, the BIA did not abuse its discretion in concluding that these convictions, along with petitioner's lack of demonstrated rehabilitation, lack of employment history, and perceived lack of credibility, outweighed the equities. Cf. Ayala-Chavez, 944 F.2d at 642 (BIA did not abuse its discretion by finding that petitioner's residence in the United States since the age of nine and family who resided in the United States were not "outstanding" equities which outweighed petitioner's convictions of cocaine possession and various traffic offenses).
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner argues that rehabilitation is only one factor to be considered in the exercise of discretion, citing Matter of Edwards, 20 I & N Dec. ---, Interim Decision 3134 (B.I.A.1990). We agree, and there is no indication that the IJ or BIA treated rehabilitation as "an absolute prerequisite to a favorable exercise of discretion." Id
 
 
 [2]
 The BIA found "no basis in the record for questioning the immigration judge's evaluation of the testimony in this case," and declined to disturb her adverse credibility finding