8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Umesh CHARAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1993.*
Decided Oct. 13, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Umesh Charan petitions for review of an order of the Board of Immigration Appeals denying as a matter of discretion Charan's application for a waiver of deportation under section 212(c). We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We review for an abuse of discretion, Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991), and deny the petition for review.
 
 
 3
 "In reviewing a BIA decision for abuse of discretion, we require that its stated reasons evidence its consideration of all relevant factors." Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985). We will reverse only if the BIA's decision "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 4
 Charan has a long history of criminal conduct. He was convicted of possession of methamphetamine, battery, trespassing, soliciting prostitution, and possession and sale of marijuana. He has pending charges of grand theft and forgery.
 
 
 5
 Because Charan was convicted of a serious drug offense, he must show that unusual or outstanding equities compel discretionary relief. See Ayala-Chavez, 944 F.2d at 641. Charan argues that his "course of rehabilitation" from his history of criminal activity and illegal drug use compels discretionary relief. The Board rejected the argument. It found that Charan first entered counselling sessions a week after the deportation hearing was adjourned to allow him to present documentation of his alleged medical condition. Charan testified that he did not believe he had a drug problem and that he only engaged in the counselling program because he thought it would held his prospects in court.
 
 
 6
 We are satisfied that the Board considered the relevant factors, including a number of favorable equities, and supported its conclusions with reasoned explanations. The Board did not abuse its discretion in denying Charan's application for waiver of deportation.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3