19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ishmael Martins ADEBISI, aka Martin Adebisi, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70649.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided Feb. 16, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Ishmael Martins Adebisi, a Nigerian national, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge finding Adebisi deportable pursuant to 8 U.S.C. Sec. 1251(a)(1)(c), and denying his application for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction under 8 U.S.C. Sec. 1105(a). We affirm.
 
 I. ANALYSIS
 
 3
 Petitioner contends that the immigration judge and the BIA erred by determining that he did not meet the requirements under 8 U.S.C. Sec. 1254(a)(1) for suspension of deportation. Section 1254(a)(1) provides that the Attorney General in her discretion may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for at least seven years; (2) is of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. Sec. 1254(a). The immigration judge determined that Adebisi had been in this county at least seven years and that he was of good moral character, but determined he did not prove extreme hardship. Thus, only the third element is disputed.
 
 
 4
 We review a BIA determination regarding extreme hardship for abuse of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The BIA has "the authority to construe 'extreme hardship' narrowly." INS v. Wang, 450 U.S. 139, 145 (1981). In reviewing the determination regarding extreme hardship "[w]e have consistently required the BIA to state its reasons and show proper consideration of all factors when weighing equities and denying relief." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). "Because hardship depends on specific circumstances, discretion can be properly exercised only if the circumstances are actually considered." Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981) (internal citation omitted). With this in mind, we must review whether the BIA abused its discretion in determining that petitioner did not meet the requirements of extreme hardship.
 
 
 5
 Petitioner contends that the BIA did not give the evidence presented proper weight, ignored critical factors in his case, and did not specifically consider all the factors when it determined that deportation would not cause extreme hardship to the petitioner or his infant son. He claims that he will suffer extreme hardship because he has lived in the United States a "long time" and has adapted his life-style to the United States. He that he will not be able to provide for his infant son in the way he wants if he is deported to Nigeria.
 
 A. Hardship to the Appellant
 
 6
 The difficulty of readjusting to life in one's native land "is the type of hardship experienced by most aliens who have spent time abroad." Ramirez-Durazo, 794 F.2d at 498. Economic factors alone do not constitute extreme hardship. Id. Further, the severance of community ties, which occurs every time a person relocates, is not extreme hardship. Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980). A review of the record reveals that the BIA properly considered and weighed all factors regarding extreme hardship to the petitioner and the BIA did not abuse its discretion in determining that the appellant would not suffer extreme hardship by returning to Nigeria and his family.
 
 
 7
 B. Hardship to the United States Citizen Child
 
 
 8
 Petitioner is the father to an infant son who lives with his mother in Washington, D.C. The mother and Adebisi are not married and he stated that there was no chance of reconciliation with the child's mother. The record reveals that although petitioner expressed intentions of taking care of his son, there was sparse evidence to this effect. The petitioner claimed that he sent money to his son, but had no proof or receipts. He stated that he had not seen his son in six months, but planned on going to Washington.
 
 
 9
 Based on the record, we conclude that the BIA did not abuse its discretion in determining there was no extreme hardship regarding Adebisi's infant son.
 
 II. CONCLUSION
 
 10
 The BIA considered all relevant factors relating to extreme hardship to Adebisi and his infant son, and did not abuse its discretion in denying suspension of deportation.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3