24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Delfino FARIAS-AVALOS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70810.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 On June 26, 1984, Delfino Farias-Avalos was convicted in California Superior Court of four counts of child molestation. He was sentenced to eight years of imprisonment and served four years. The INS sought deportation under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(4) (1988), for being convicted of two crimes involving moral turpitude. Farias-Avalos conceded deportability, but argued he should be granted section 212(c) relief. 8 U.S.C. Sec. 1182(c) (Supp. IV 1992).
 
 
 4
 The immigration judge ("IJ") found that Farias-Avalos met the seven-year statutory time required for Sec. 212(c) relief, but concluded that Farias-Avalos "failed to establish that he warrants a favorable exercise of discretion." [Admin. Record at 22]. Farias-Avalos appealed to the Board of Immigration Appeals ("BIA"), which reviewed the record and concluded that the IJ's decision was proper. Farias-Avalos timely filed a petition for review of the BIA's decision pursuant to 8 U.S.C. Sec. 1105a(1) (Supp. IV 1992).
 
 
 5
 "BIA decisions denying discretionary relief from deportation are reviewed under the abuse of discretion standard. This court should set aside a BIA decision to deny such relief only if the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987) (citations omitted). "BIA discretionary denials must show that the BIA weighed both favorable and unfavorable factors." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985).
 
 
 6
 In Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978), the BIA explained the balancing process immigration judges are to use in determining whether to grant relief under Sec. 212(c). It stated: "The immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether [granting relief is] in the best interest of this country." Id. at 584. The BIA then listed a number of favorable and unfavorable factors, to serve as a framework. Id. 584-85.
 
 
 7
 Farias-Avalos claims the BIA erred in relying on the IJ's decision because the IJ: 1) improperly required him to show rehabilitation as a prerequisite to relief; 2) required a showing of outstanding equities and failed to consider positive factors; and, 3) incorrectly determined that Farias-Avalos had not shown he was rehabilitated. Nothing in the IJ's decision supports these claims.
 
 
 8
 As the BIA acknowledged: "In her comprehensive decision, the immigration judge thoroughly considered each of the favorable factors presented by the respondent, as well as the adverse factors against him." [Admin Rec. at 3]. The BIA then reviewed the IJ's findings on each of the factors. It concluded that because the IJ "fully considered all of the evidence presented to her and applied" the proper standards, it had no compelling reason to disturb the IJ's findings. The BIA did not abuse its discretion by relying on the IJ's decision.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3