67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josefina Elizabeth PASCUAL-DIAZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1995.*
Decided Sept. 28, 1995.
 
 1
 Before: T.G. NELSON and KLEINFELD, Circuit Judges, and LEGGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Pascual-Diaz argues that the "BIA offered no explanation for its decision upholding the Immigration Judge's denial of petitioner's claims. The BIA must do more than just refer to relevant factors in passing." Pascual-Diaz cites this principle in Mattis v. INS, 774 F.2d 965 (9th Cir.1985):
 
 
 4
 [W]e require that [the BIA's] stated reasons evidence its consideration of all relevant factors. Cursory, summary or conclusive statements are inadequate. BIA's denial of relief can be affirmed only on the basis articulated in the decision ... and it cannot be assumed that the BIA considered factors that it fails to mention in its decision.
 
 
 5
 Id. at 967.
 
 
 6
 The BIA sufficiently explained why it rejected Pascual-Diaz's petition. It did not believe she was telling the truth, because of "inconsistencies in significant respects with the documentary evidence of record including the information on her Form I-589 asylum application with attachment."
 
 
 7
 Petitioner's I-589 application for asylum said that her "husband died in Guatemala and needed to make funeral arrangements etc." This was the reason Pascual-Diaz originally gave for her 1990 trip back to Guatemala and return to the United States. But when she testified, she said she had gone back because "I thought that everything had been forgotten by then." After she had been back for about two months, her husband "told me that it was best for me to return here again," because men had been looking for her. Then in September, her husband was found dead. Despite her lawyer's direction to her to bring the death certificate to the hearing, she did not.
 
 
 8
 There is a significant difference between the first account, going back to bury a husband, and the second, going back when her husband was alive. We give substantial deference to the BIA so long as its findings are supported by "specific and cogent reasons" for the disbelief. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The BIA reviewed de novo and articulated a "specific and cogent" reason for its rejection of petitioner's credibility.
 
 
 9
 Once the BIA rejected petitioner's credibility, petitioner had no case for a well-founded fear of persecution. If it could not go on what petitioner said, the BIA had no basis for concluding that she had been or would be persecuted. There was a substantial basis on the whole record for its decision rejecting her petition.
 
 
 10
 We need not reach the BIA's argument that petitioner waived her challenge to the IJ's credibility determination. The BIA resolved credibility adversely to her, and we have concluded that there was a substantial basis on the record as a whole for it to do so. We need not review the IJ's decision, because the BIA reviewed the case de novo and expressed its own reasons for decision, and did not merely adopt the IJ's decision as its own. Cf. Alaelua v. INS, 45 F.2d 1379, 1382 (9th Cir.1995).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3