68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chukwudi Joseph OKAFOR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9561.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Chukwudi Joseph Okafor seeks review of a decision of the Board of Immigration Appeals (Board) denying his motion to reopen his deportation proceedings for consideration of a petition for political asylum. The Board had previously denied petitioner's request for suspension of deportation to Nigeria, a decision affirmed by this court. In support of his motion to reopen, petitioner submitted his petition for political asylum, his biographic information, and three articles. His petition for asylum was based on alleged changed circumstances in Nigeria arising since the commencement of deportation proceedings against him, specifically, failed democratic elections and a subsequent coup which returned the country to military rule. The Board denied the motion to reopen, concluding that petitioner had failed to present a prima facie case entitling him to political asylum, and that he did not merit a favorable exercise of the Board's discretion. We review the Board's denial of the motion to reopen for abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985); Turri v. INS, 997 F.2d 1306, 1311 (10th Cir.1993). After review of the briefs, the Certified Administrative Record presented on appeal (Record), and the applicable law, we reverse.
 
 
 4
 Petitioner describes himself as a Pentecostal Christian, and, as part of his religious beliefs, asserts he has a responsibility to witness his faith, or preach, in public. Record at 106-09. He seeks political asylum, contending that he has a well-founded fear of persecution in Nigeria for his religious beliefs. On review, petitioner argues that the Board misconstrued his previous hearing testimony, discusses the changed political climate in Nigeria, contends that the Board improperly rejected new evidence, asserts that he has established all of the elements of a prima facie case for asylum, and challenges the Board's discretionary ruling as conclusory and unfounded.
 
 
 5
 There are three independent grounds upon which a motion to reopen may be denied: 1) failure to establish a prima facie case entitling a petitioner to the relief sought, 2) failure to present previously unavailable, material evidence, and 3) where the relief sought is discretionary, the Board may rule against a petitioner in its discretion, even where the other two grounds are met. See INS v. Doherty, 502 U.S. 314, 323 (1992). Here, the Board ruled against petitioner on the first and third grounds. Despite petitioner's arguments to the contrary, the Board did not rule that petitioner failed to present new material evidence. Further, while the Board ruled against petitioner, it is clear that it considered the merits of the new evidence presented.
 
 
 6
 We agree, however, that in ruling petitioner did not make out a prima facie case for asylum, the Board misconstrued petitioner's previous testimony. The Board stated, summarizing a portion of his testimony at the previous hearing: "Apparently, [petitioner] felt that because be would probably be able to preach if he returned to Nigeria, he did not have anything to fear on account of his religious beliefs (Tr. at 25)." Record at 3. Our review of the hearing transcript leads us to conclude that this statement mischaracterizes petitioner's testimony in general, and misstates his testimony on page 25 of the hearing transcript. Nothing in petitioner's testimony indicated that he would feel comfortable preaching in Nigeria. In contrast, he testified that, while preaching there, he had been stoned "so many times." Id. at 106. Further, he stated that his mother, a devout Christian, broke her arm during a religious riot, id. at 105-06. In light of this testimony, the BIA's conclusion that petitioner felt he had nothing to fear if returned to Nigeria is unfounded.
 
 
 7
 The BIA also stated that "no evidence has been offered to establish that [petitioner] has ever been harmed or threatened with harm on account of one of the five grounds enumerated in section 101(a)(42)(A) of the Immigration and Nationality Act." Record at 4. Religion is one of the enumerated grounds. 8 U.S.C. 1101(a)(42)(A). Petitioner's testimony that he had been stoned for preaching in public belies the Board's statement. Because the Board did not properly consider petitioner's testimony at the hearing, we must reverse for reconsideration of its denial of the motion to reopen. See Turri, 977 F.2d at 1311.
 
 
 8
 Further, our reading of the Board's decision indicates that the Board may not have considered petitioner's new evidence in combination with his previous evidence in reaching its decision that petitioner did not establish a prima facie case of asylum.[2] See id. (requiring reevaluation of new evidence in combination with previous evidence in determining motion to reopen). Aside from the two references noted above, the Board appears to have determined that petitioner failed to establish a prima facie case solely on the basis of his new evidence. In light of the Board's erroneous views of the previous evidence, together with the language in its decision suggesting that it did not consider the new evidence in combination with petitioner's previous evidence, we conclude the Board abused its discretion in determining that petitioner failed to establish a prima facie case for political asylum.
 
 
 9
 Finally, even if the Board had determined that petitioner established a prima face case, it has the discretion to deny the petition for asylum. It did so in this case, stating: "Finally, we find that respondent has not met his burden of establishing that he merits a favorable exercise of discretion in this motion." Record at 4. However, we conclude that the Board abused its discretion in reaching this determination. Where, as here, the Board articulated no explanation of its decision, we are unable to determine whether the Board exercised its discretion appropriately or in a rational manner. Cf. Turri at 1310-11 (Board must announce its decision in terms sufficient for review, including articulation of reasons or analysis); see also Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985)(decision without rationale can only be viewed as unreasoned and arbitrary). Additionally, to the extent the Board's decision can be read to base this discretionary decision on its previous determination that petitioner failed to establish a prima facie case of asylum, it must also fail for the reasons stated above.
 
 
 10
 Accordingly, the petition for review is GRANTED. The Board's decision denying petitioner's motion to reopen is REVERSED, and the matter is REMANDED to the agency for further proceedings in accordance with this decision.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 For example, the Board rejected an article about religious turbulence in Nigeria as "not persuasive" because the article was written in 1991 and, therefore, did not address circumstances arising since petitioner's hearing in December of 1992. However, petitioner does not seek reopening on the basis of new evidence pertinent to his prior application. He seeks reopening based on changed circumstances that now support a new request for relief: a petition for political asylum. Petitioner states that he did not previously pursue a claim for political asylum because it was inappropriate in light of the planned elections in Nigeria and the "positive direction in which Nigeria appeared headed." Petitioner's Br. at 9. Because the Board has a duty to examine petitioner's new evidence in combination with his previous evidence, on remand the Board should consider whether the 1991 article may now be relevant to petitioner's petition for asylum, by virtue of the changed circumstances in Nigeria