122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mukeshkumar Y. SOLANKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71116, Ayg-hzw-qsj.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Mukeshkumar Y. Solanki, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") denial of his motion to reopen deportation proceedings to seek asylum. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Solanki contends that the BIA abused its discretion by not rescinding his in absentia order of deportation because he had demonstrated exceptional circumstances for failing to appear. We disagree.
 
 
 6
 We review the BIA's denial of a motion to reopen for an abuse of discretion, and "will not disturb the BIA's ruling unless the BIA has acted arbitrarily, irrationally, or contrary to law." Eide-Kanavon v. INS, 86 F.3d 147, 149 (9th Cir.1996) (per curiam) (quotations omitted).
 
 
 7
 An order of deportation entered in absentia may be rescinded only if an alien demonstrates that he failed to appear at the deportation proceeding because of exceptional circumstances. See 8 U.S.C. § 1252b(c)(3) (1994). Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2) (1994). Traffic difficulties do not qualify as exceptional circumstances. See Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996).
 
 
 8
 Here, Solanki arrived at his deportation hearing thirty minutes late due to the temporary closure of a Los Angeles freeway he was traveling on because of an automobile accident. Therefore, the BIA reasonably concluded that traffic delays were a common, foreseeable occurrence in the Los Angeles metropolitan area and did not rise to the level of exceptional circumstances. See id. at 547.[1]
 
 
 9
 Solanki also contends that he was denied due process of law because the IJ would have had to continue his deportation hearing anyway as no interpreter had been present. This contention lacks merit.
 
 
 10
 While due process requires the right to a full and fair hearing, the mere fact that a deportation hearing is held in absentia is not per se violative of due process. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). Solanki was properly notified of the deportation hearing and the potential consequences for failing to appear. Therefore, Solanki was accorded the opportunity to be heard. See id.; Sharma, 89 F.3d at 548. Moreover, it is entirely speculative and irrelevant whether the IJ would have had to continue the proceeding because an interpreter was not present. See 8 U.S.C. § 1252b(c)(4) (1994).
 
 
 11
 Accordingly, we conclude that the BIA did not abuse its discretion by denying Solanki's motion to reopen. See Eide Kahavon, 86 F.3d at 149.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Solanki further argues that the BIA failed to state any facts, records or instances to support its conclusion. This argument: fails because the BIA provided a reasoned explanation in exercising its discretion here. See Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985)