**Madlena Lina ZAZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70569.

INS No. A73–900–915.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Aug. 2, 2002.

Before HUG, FARRIS and
SILVERMAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Madlena Lina Zaza petitions for review of the Board of Immigration Appeals' order denying her motion to reopen deportation proceedings to seek relief under the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105–100, 111 Stat. 2160 (Nov. 19, 1997), *as amended by* Pub.L. No. 105–139, 111 Stat. 2644 (Dec. 2, 1997). We deny the petition for review.

## I

Zaza moved to reopen based on NA-CARA. In January 1999, the immigration judge denied Zaza relief for two reasons: (1) she was not a NACARA-eligible class member because she had failed to file an asylum application by December 31, 1991; and (2) she was statutorily barred from relief because she had been granted the privilege of voluntary departure and didn't depart. In 2001, the BIA affirmed the IJ's decision without an opinion and this appeal followed.

## II

Because Zaza's deportation proceedings were pending before April 1, 1997, and she received her final order of deportation from the BIA after October 31, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 1180 Stat. 3009 (Sept. 30, 1996), apply. *See Popova v. INS*, 273 F.3d 1251, 1256–57 (9th Cir.2001); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Subject to certain exceptions, transitional rule aliens gain the benefit of the pre-IIRIRA legal regime when applying for discretionary

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

suspensions of deportation. *See* IIRIRA § 309(c)(1); *Ram v. INS,* 243 F.3d 510, 513 (9th Cir.2001); *Kalaw,* 133 F.3d at 1150–51. They may seek suspension of deportation if (1) they have been continuously present in the country for seven years, (2) are persons of "good moral character," and (3) they or an immediate family member who is a citizen or permanent resident would suffer "extreme hardship" if they were deported. *See* INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1994); *Kalaw,* 133 F.3d at 1150–51. Most transitional rule aliens are, however, subject to the "stop-time rule," which provides that the period of continuous physical presence ends when deportation proceedings commence. *See* INA § 240A(d)(1), 8 U.S.C.A. § 1229b(d)(1) (West 1999 & 2001 Supp.); IIRIRA § 309(c)(5)(A); *Ram* 243 F.3d at 516.

If the stop-time rule applied, Zaza would not qualify for discretionary suspension of deportation because proceedings against her commenced five years after her arrival. She, therefore, claims an exemption to the stop-time rule based on NACARA's amendment to IIRIRA § 309(c)(5)(C). To qualify for this exemption, Zaza must have (1) entered the United States on or before December 31, 1990, (2) filed an application for asylum on or before December 31, 1991, and (3) come from a specified country. IIRIRA § 309(c)(5)(C)(i). Zaza can meet two of these three criteria. At issue is whether she filed an application for asylum on or before December 31, 1991.

## A. Jurisdiction

Under IIRIRA's transitional rules, we have jurisdiction to review the denial of a motion to reopen, unless a specific exception applies. IIRIRA § 309(c)(1); *see Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1223 (9th Cir.2002); *Arrozal v. INS,* 159 F.3d 429, 431 (9th Cir.1998). The INS

argues that an exception applies. IIRIRA § 309(c)(5)(C)(ii) provides:

> (ii) *Limitation on Judicial Review.*—A determination by the Attorney General as to whether the alien satisfies the requirements of clause (i) is final and shall not be subject to review by any court.

IIRIRA § 309(c)(5)(C)(ii). It is incorrect.

■ Under the transitional rules, we have jurisdiction to review the BIA's denial of a motion to reopen when a petitioner is ordered deported under INA § 241, the same section under which Zaza's original deportation order issued. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1223 (9th Cir.2002); *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998). This is true even when a petitioner moves to reopen in order to seek suspension of deportation under INA § 244, though a specific exception precludes judicial review of "any discretionary decision under [INA] section ... 244." IIRIRA § 309(c)(4)(E); *see Rodriguez–Lariz,* 282 F.3d at 1223; *Arrozal,* 159 F.3d at 431–42. We also retain jurisdiction over a motion to reopen even when the underlying deportation order consists of the IJ's grant of voluntary departure under INA § 244, where the grounds for deportability—which form the underlying basis for the grant of voluntary departure—arose under § 241(a)(1)(B), a non-immigrant overstay. *See Rodriguez–Lariz,* 282 F.3d at 1223. "The review of a motion to reopen in this context is distinct from the direct review of a denial of suspension of deportation, which is precluded when the BIA makes discretionary determinations ...." *Id.*

The underlying basis for Zaza's grant of voluntary departure arose under § 241(a)(1)(B), a non-immigrant overstay. The jurisdictional bar of IIRIRA § 309(c)(5)(C)(ii) does not apply because the review of the motion to reopen is dis-

tinct from the direct review of a denial premised on IIRIRA § 309(c)(5)(C)(i).

## B. Denial of the Motion to Reopen

We review the BIA's ruling on a motion to reopen for abuse of discretion. *See Rodriguez–Lariz*, 282 F.3d at 1222. Where, as here, the BIA adopts the reasons and conclusions of the IJ, we review the IJ's decision for abuse of discretion. *See Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995). Questions of law are reviewed *de novo*. *Rodriguez–Lariz*, 282 F.3d at 1222.

Zaza argues that the IJ abused her discretion by rejecting the probity of Zaza's affidavit that, in its entirety, reads as follows:

> My name is Madlena L. Zaza (Terteryan)
>
> I came to United States from former Soviet Union in [O]ctober 23[,] 1990. Before [D]ecember 1991 I applied for political asylum. My file was prepared by an attorney V.Yegayan [sic].

According to Zaza, the IJ could not reject the truthfulness of this affidavit without making a more specific adverse credibility finding. Zaza is incorrect.

■ There is no evidence, outside of this affidavit, that Zaza filed an asylum application by December of 1991. Her 1995 asylum application, later withdrawn, never mentions an earlier filed application. There is no supporting affidavit from the attorney who purportedly filed the application, V. Yegayan. Neither Zaza nor the INS has any record of an application filed by December 1991. In sum, viewed in light of the entire record, her contention is inherently incredible and conclusory. *See, e.g., Mattis v. INS*, 774 F.2d 965, 968 (9th Cir.1985) ("Where factual assertions in affidavits supporting a motion to reopen are specific and not conclusory ... the BIA must accept their truth unless they are inherently incredible.").

Furthermore, former § 242B(e)(2)(A) provides that any alien who has agreed to voluntarily depart and remains in the United States after the scheduled departure date, other than because of exceptional circumstances, shall not be eligible for relief for a period of five years after the scheduled departure date. 8 U.S.C. § 1252b(e)(2)(A) (1994). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2). A tardily filed motion to reopen does not constitute an "exceptional circumstance" beyond an alien's control, and the filing of this motion does not toll the statutory bar date. *See Shaar v. INS*, 141 F.3d 953, 957–58 (9th Cir.1998). As of the hearing date, (a) five years had not yet elapsed since the voluntary departure date,[1] and (b) Zaza has shown no exceptional circumstances.

PETITION FOR REVIEW DENIED.

---

1. If Zaza were to move to reopen because five years have now passed since her scheduled departure date, the INS would have clear discretion to deny the motion. *See INS v. Rios–Pineda*, 471 U.S. 444, 450, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985) ("The Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who become eligible for such suspension only because of the passage of time while their meritless appeals dragged on.").