Yin Fen FLORES, aka Eileen
Benedetti, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70392.

INS No. A24–249–439.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2002 *.

Decided Aug. 28, 2002.

Before HALL, KOZINSKI and
McKEOWN, Circuit Judges.

MEMORANDUM **

The Board of Immigration Appeals did
not abuse its discretion in denying Flores's
application for a discretionary deportation
waiver under 8 U.S.C. § 1251(a)(1)(H).
Far from ignoring considerations favorable
to the petitioner, cf. *Mattis v. INS,* 774
F.2d 965, 968 (9th Cir.1985), the Board, in
its March 10, 2000, decision, took note of
Flores's arguments, as well as the new
supporting evidence she offered—including
"declarations by [Flores], her husband,
and an assistant public defender, a psy-
chologist's letter, and a medical diagnosis."

Although the Board concluded that the
waiver should nonetheless be denied, it did
not arrive at this conclusion in a "sum-
mary or conclusory" fashion. *Id.* at 967.

Instead, it provided reasons for rejecting
Flores's hardship argument: The mar-
riage occurred after deportation proceed-
ings had already been commenced against
Flores, and Flores's husband stated that
he would accompany Flores to Taiwan if
she was deported. Furthermore, the
Board explained that even if Flores's
hardship argument and the alleged miti-
gating circumstances surrounding her wel-
fare fraud conviction were credited, they
would not overcome her "significant ad-
verse history of disregarding the laws of
this country, both immigration and other-
wise." Because the decision is not "arbit-
rar[y], irrational[ ], or contrary to law,"
*Eide–Kahayon v. INS,* 86 F.3d 147, 149
(9th Cir.1996) (per curiam), it will not be
disturbed.

We reject Flores's argument that, under
*Mathews v. Eldridge,* 424 U.S. 319, 96
S.Ct. 893, 47 L.Ed.2d 18 (1976), her Ameri-
can husband's interest in the marital rela-
tionship requires the Board to hold a hear-
ing before discretionary relief is denied.
Flores can point to no case where a court
has applied the *Mathews* framework in
this context. Even assuming that *Math-
ews* applies, the balance of factors does not
weigh in favor of yet another hearing.

First, the "private interest" is weak. *Id.*
at 335, 96 S.Ct. 893. Flores was deter-
mined to be a deportable alien through an
earlier process that included a fair hear-
ing. The current petition concerns only
the Board's exercise of its discretion to
deny a waiver. A deportable alien does
not have a recognized interest in remain-
ing in the country or delaying her deporta-
tion through reopening of deportation pro-

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

ceedings. *See, e.g., INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Similarly, the spouse who married an alien knowing that deportation might be imminent can claim no cognizable interest in lengthening her stay once the alien is found deportable.

Second, the "probable value ... of additional or substitute procedural safeguards" is minimal. *Mathews*, 424 U.S. at 335, 96 S.Ct. 893. The facts—most notably, the initial sham marriage and the welfare fraud conviction—are essentially undisputed. The outcome boils down to a discretionary decision in balancing the favorable and unfavorable factors, a task entrusted by law to the Board.

Finally, the government has a strong interest in avoiding further delays in Flores's deportation. *See id.* "Motions for reopening of immigration proceedings are disfavored [because] ... every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Doherty*, 502 U.S. at 323, 112 S.Ct. 719 (citation omitted).

Because the *Mathews* factors weigh decidedly against Flores, due process does not require a hearing on Flores's waiver application.

PETITION DENIED.

