Ali R. HASSAN, Petitioner—Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al., Respondents—Appellees.

No. 01–36129.
D.C. No. CV–00–02195–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 24, 2002.

Before FERGUSON, FISHER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner–Appellant Ali Redha Hassan appeals the District Court's order denying his 28 U.S.C. § 2241 habeas corpus petition challenging a Board of Immigration Appeals' final order of deportation. Because the parties are familiar with the facts and the procedural history, they are not recited here.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We have subject matter jurisdiction over the petition pursuant to 28 U.S.C. § 2241. However, because we find that the Board of Immigration Appeals ("BIA") did not abuse its discretion in finding that Hassan's deportation would not result in extreme hardship to his citizen wife, we AFFIRM the District Court's denial of Hassan's petition.

The BIA may construe "extreme hardship" narrowly so long as it considers all relevant factors and states its reasons for denying relief. *Cerillo–Perez v. INS,* 809 F.2d 1419, 1421–22 (9th Cir.1987) (quoting *Mattis v. INS,* 774 F.2d 965, 968 (9th Cir.1985)). It is presumed that the BIA has properly considered all evidence in support of an application for relief from deportation or removal. *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). In the instant case, the BIA considered Hassan's evidence and stated its reasons for denying relief. We cannot say as a matter of law that the reasoning expressed by the BIA in its decision was an abuse of discretion. We therefore AFFIRM.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.