**Julio Cesar MELENDEZ–ORELLANA, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–74670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed July 16, 2007.

William D. Ware, Esq., Mill Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Joseph J. Matelis, II, Esq., U.S. Department of Justice, Employment Litigation Section, Washington, DC, for Respondent.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Julio Cesar Melendez–Orellana (Melendez) petitions for review of the decision of the Bureau of Immigration (BIA) affirming the decision of the Immigration Judge denying Melendez's application for asylum and withholding of removal. Melendez seeks asylum and withholding of removal based upon his claim that he suffered past persecution and that he presumptively has a well-founded fear of future persecution if he were removed to El Salvador.

The Immigration Judge failed to apply the relevant facts in the State Department reports to the specific threat faced by Melendez if returned to El Salvador. *See Marcos v. Gonzales,* 410 F.3d 1112, 1120 – 1121 (9th Cir.2005). The Immigration Judge did not analyze the changed conditions in State Department reports on an individualized basis to Melendez nor state how these changed conditions rebutted

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Melendez's specific grounds for his well-founded fear of future persecution. *See Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002), citing *Ernesto Navas v. I.N.S.,* 217 F.3d 646, 662 (9th Cir.2000). Failure to conduct this requisite individualized analysis constitutes an abuse of discretion by the Immigration Judge and requires remand. *See Marcos v. Gonzales,* 410 F.3d at 1120 –1121; *Osorio v. INS,* 99 F.3d 928, 932–33 (9th Cir.1996).

In making a discretionary denial of asylum, the Immigration Judge must consider and weigh all relevant favorable and unfavorable factors. *See Rodriguez–Matamoros v. INS,* 86 F.3d 158, 161 (9th Cir.1996); *Mattis v. INS,* 774 F.2d 965, 968 (9th Cir.1985). All relevant factors must be considered and a "strong negative discretionary factor may be overborne by countervailing equities." *Castro–O'Ryan v. INS,* 847 F.2d 1307, 1314 (9th Cir.1988). The Immigration Judge did not weigh or consider the favorable factors in Melendez's case. Rather, the order focused only on the unfavorable factor of the misdemeanor battery conviction. *Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1135 (9th Cir.2006).

Finally, Melendez failed to raise the issue concerning temporary protected status pursuant to 8 U.S.C. § 1254a in his appeal to the BIA. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. INS,* 831 F.2d 906, 907–908 (9th Cir.1987); *Tejeda–Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980).

**PETITION GRANTED IN PART AND REMANDED FOR INDIVIDUALIZED ANALYSIS OF CHANGED COUNTRY CONDITIONS AND WEIGHING OF FAVORABLE AND UNFAVORABLE FACTORS IN THE EXERCISE OF DISCRETION. PETITION DISMISSED AS TO THE TEMPORARY PROTECTED STATUS CLAIM.**