Zakhar ZAKHARYAN, Petitioner—
Appellant,

v.

John ASHCROFT, Attorney General,
Respondent—Appellee.

No. 02–72037.

Agency No. A74–428–640.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Nov. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Paula N. Harris, Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Audrey B. Hemesath, Office of Immigration Litigation, Richard M. Evans, Carl H. McIntyre, Jr., Christine A. Bither, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Appellant–Petitioner Zakhar Zakharyan petitions for review of an order of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of deportation.

We review the BIA's decision for abuse of discretion; and "the BIA's denial of relief can be affirmed only on the basis articulated in the decision." *Mattis v. U.S. I.N.S.*, 774 F.2d 965, 967 (9th Cir.1985)

(citation omitted). "Cursory, summary or conclusory statements" are not sufficient to support a BIA decision. *Id.* (citations omitted).

■ The BIA failed to elucidate its rationale for denying relief to Zakharyan. It failed to discuss crucial facts, such as Zakharyan's imprisonment and the murder of his wife. The BIA's total failure to address pertinent evidence presented by Zakharyan and to articulate its reasons for its ruling requires a reversal. *See id.*

■ It is important to note that the BIA "may incorporate the [Immigration Judge's] opinion if the BIA opinion makes it clear it is doing so." *Alaelua v. I.N.S.*, 45 F.3d 1379, 1382 (9th Cir.1995). However, in this case, the BIA did not incorporate the IJ's findings clearly or otherwise. Accordingly, we cannot consider the IJ's findings in determining whether or not the BIA abused its discretion. *See id.* Looking solely at the BIA decision, as we must, we hold that the BIA abused its discretion in this case when it failed to address the record evidence and to explain the reasons for its ruling. We therefore grant the petition for review and remand to the BIA for further proceedings consistent with this disposition.

**PETITION GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.