**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SWARN SINGH KANG, | No. 09-71009 |
| Petitioner, | Agency No. A079-246-986 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Swarn Singh Kang, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen. *See Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Kang's motion to reopen as untimely where the motion was filed over four and half years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kang failed to present sufficient evidence that he exercised diligence in discovering his claim for ineffective assistance of counsel, *see Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007) (petitioner was not entitled to equitable tolling where there was no evidence of what he did between the time he became suspicious of the fraud and when he sought advice from his present counsel). Kang also failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Because Kang failed to establish that an exception to the time limit for filing a motion to reopen applies, the BIA did not abuse its discretion in not addressing whether Kang has a claim for relief under the Convention Against Torture.

09-71009

Finally, Kang's contention that the BIA failed to properly address the evidence is belied by the record.

**PETITION FOR REVIEW DENIED.**

09-71009