FILED

NOT FOR PUBLICATION

APR 12 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGGUI JIANG,<br><br>      Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>      Respondent. | No. 13-73657<br><br>Agency No. A097-150-343<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2016[**]
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and DORSEY,[***] District
Judge.

    Petitioner Jinggui Jiang seeks review of the Board of Immigration Appeals'

("BIA") denial of his appeal from the immigration judge's denial of his motion to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

    [***] The Honorable Jennifer A. Dorsey, United States District Judge for the
District of Nevada, sitting by designation.

reopen. Reviewing for abuse of discretion, <u>Toor v. Lynch</u>, 789 F.3d 1055, 1059 (9th Cir. 2015), we deny the petition.

Although the BIA held that the motion to reopen failed because Petitioner alleged a change in personal conditions and because Petitioner failed to attach copies of country reports, the BIA also took administrative notice of the 2004 Country Report and held, in the alternative, that Petitioner had not shown a material change in country conditions for Christians in China. Substantial evidence supports the BIA's alternative determination. <u>See</u> <u>Mutuku v. Holder</u>, 600 F.3d 1210, 1213 (9th Cir. 2010) ("We review factual findings regarding changed country conditions for substantial evidence."). The BIA found that the recent reports of persecution of Christians were not materially worse than the description of persecution of Christians in the 2004 Country Report. We have carefully reviewed the record on appeal, and we conclude that the record does not compel the contrary conclusion.

In <u>Chandra v. Holder</u>, 751 F.3d 1034 (9th Cir. 2014), we held that a change in personal circumstances might well inform a claim of changed country conditions. However, <u>Chandra</u> does not help Petitioner because substantial evidence supports the BIA's finding that country conditions in China have not materially changed during the relevant time period.

2

To the extent that the BIA declined to take administrative notice of the 2005–2008 Country Reports, the BIA did not abuse its discretion because those reports contained information similar to later reports, which the BIA did consider. See Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir. 1992) (holding that we review for abuse of discretion the BIA's decision not to take administrative notice).

**Petition DENIED.**