NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUI XIANG ZHENG, AKA Jing Yu Chen, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  14-70936 <br><br> Agency No. A073-448-348 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2017
San Francisco, California

Before:  CALLAHAN and BEA, Circuit Judges, and RESTANI,[**] Judge.

Petitioner Gui Xiang Zheng, a native and citizen of China, seeks review of

the March 10, 2014 Board of Immigration Appeals ("BIA") decision dismissing

her appeal of an Immigration Court decision that denied her motion to reopen her

asylum application.  "Denials of motions to reopen are reviewed for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

discretion, although de novo review applies to the BIA's determination of purely legal questions." *Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir. 2002). We grant the petition and remand.

"Typically, petitioners are limited to filing one motion to reopen within ninety days of the date of a final order of removal." *He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007); 8 C.F.R. § 1003.2(c)(2). However, the ninety-day time limit does not apply to a motion to reopen proceedings "[t]o apply or reapply for asylum based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Petitioner argues that she submitted evidence that establishes changed circumstances in China with regard to: (1) persecution of Christians, (2) torture of repatriated Chinese emigrants, and (3) enforcement of China's family planning policies.

The BIA did not abuse its discretion in rejecting Petitioner's argument based on persecution of Christians in China. In light of Petitioner's own statement that she was a Christian in 1996, the I.J.'s conclusion that "at least some of the evidence [she] submitted was available at the time of her initial application" was not arbitrary. And the BIA's weighing of the evidence presented was not arbitrary, irrational, or contrary to law. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir.

14-70936

2008) (stating this court was "not in a position to second-guess the IJ's construction of the somewhat contradictory . . . country report"); *cf. Jiang v. Lynch*, 647 F. App'x 831, 832 (9th Cir. 2016) (upholding the BIA's finding "that the recent reports of persecution of Christians were not materially worse than the description of persecution of Christians in the 2004 Country Report").

Nor did the BIA err in rejecting Petitioner's Convention Against Torture ("CAT") argument. Petitioner argues only that, on the merits, she would be entitled to relief under the CAT. But this argument cannot support a motion to reopen because she alleges changes only in personal circumstances (*i.e.* her repeat illegal emigrations from China), rather than in country conditions. *See He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007). Therefore, her argument is untimely. *Kang v. Holder*, 472 F. App'x 715 (9th Cir. 2012).

However, the BIA abused its discretion in rejecting Petitioner's evidence of changed country conditions with regard to enforcement of China's coercive family-planning policies. Although childbirth is a change in *personal* circumstances which "alone is insufficient" to "establish changed circumstances in the country of origin," *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007), "a petitioner's untimely motion to reopen may qualify under the changed conditions exception in 8 C.F.R. § 1003.2(c)(3)(ii), even if the changed country conditions are made relevant by a change in the petitioner's personal circumstances." *Chandra v.*

14-70936

*Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014). This circuit's holding in *Chandra* directly refutes the I.J.'s conclusion, affirmed by the BIA, that Petitioner was not "permit[ted] . . . to allege a new personal circumstance and put forth evidence of country conditions applicable to her new claim."

"The BIA abuses its discretion when its decision is . . . contrary to law.'" *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011) (internal quotation omitted). The BIA and the I.J. erred in applying *He*. Unlike the petitioner in *He*, Zheng submitted evidence that enforcement of China's "one-child" policy has become more coercive and more strict since her original application. This evidence included, *inter alia*, State Department country reports on China from before and after Petitioner's original asylum proceedings. Crucially, Petitioner argues that a comparison of the State Department reports proves that enforcement of China's one-child policy, including forced sterilizations, has become stricter since her initial application was denied. The BIA therefore abused its discretion by wholly failing to consider Petitioner's putative evidence of changed country conditions. *See Chandra*, 751 F.3d at 1039.

"[T]he BIA's denial of relief can be affirmed only on the basis articulated in the decision." *Zakharyan v. Ashcroft*, 82 F. App'x 531, 532 (9th Cir. 2003) (quoting *Jen Hung Ng v. I.N.S.*, 804 F.2d 534, 538 (9th Cir. 1986)). Therefore, we grant the petition and remand to the BIA with instructions to consider whether

14-70936

Petitioner's evidence of alleged changes in China's enforcement of its coercive family-planning policies establishes changed country conditions such that she now has a "well-founded fear of future persecution."[1] *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). "Such a showing need not be conclusive but need suggest only that it would be 'worthwhile' to reopen proceedings." *See Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1094 (9th Cir. 2005).

**PETITION GRANTED and REMANDED**.

---

[1] We express no opinion as to whether Petitioner's application may be subject to any statutory bar not relied upon by the BIA below.

*Zheng v. Sessions*, No. 14-70936

CALLAHAN, Circuit Judge, dissenting:

Our nation's laws do not treat lightly the use of fraud to procure admission into the United States, especially when the perpetrator falsely represents himself or herself to be a citizen of the United States. *See, e.g.*, 18 U.S.C. § 1543 (providing that willingly and knowingly attempting to use a forged, counterfeit, or altered passport is a felony for which a first-time offender may be imprisoned for up to ten years); 18 U.S.C. § 911 ("Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both."). An alien who, by fraud or willfully misrepresenting a material fact, seeks to procure an immigration benefit, such as admission into the United States, is permanently inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i). An alien guilty of the more specific offense of falsely representing "himself or herself to be a citizen of the United States for any purpose or [immigration] benefit" is subject to the permanent bar *and* ineligible for discretionary waiver by the Attorney General. *See Pichardo v. I.N.S.*, 216 F.3d 1198, 1201 & n.5 (9th Cir. 2000); *Sandoval v. Holder*, 641 F.3d 982, 986 (8th Cir. 2011) ("Unlike other kinds of

1

misrepresentations, this ground of inadmissibility is not waivable, and it triggers a permanent bar to the alien's admissibility into the country.").[1]

Petitioner repeatedly has acted with deception. She entered the country in 1996 with a false United States passport and the former Immigration and Naturalization Service gave her notice of her violation of 8 U.S.C. § 1182(a)(6)(C)(i). Upon her removal in March 1997, Petitioner was given notice that her reentry within one year without the express, advanced permission of the Attorney General would subject her to criminal prosecution including possible imprisonment for up to two years and a fine of up to $1,000. Petitioner reentered the United States four months later without inspection or prior authorization. In 2008, the United States Citizenship and Immigration Services (USCIS) denied Petitioner's application for work authorization upon finding that, "in order to circumvent immigration laws to obtain a benefit that [she] was not entitled to receive," Petitioner knowingly misrepresented she had a pending adjustment of status application.

---

[1] An alien guilty of only the general fraud prohibition may seek a discretionary waiver from the Attorney General if the alien has a spouse or parent who is a United States citizen or lawful permanent resident and the alien establishes that the refusal of his or her admission to the United States would result in extreme hardship to the alien or the alien's citizen or lawful permanent resident spouse or parent. 8 U.S.C. §§ 1182(a)(6)(C)(iii), 1182(i)(1).

2

Petitioner has also unreasonably delayed in bringing her motion to reopen. Although she was in violation of China's one-child policy when she had her second child in 2001, she waited eleven years to bring her motion to reopen. The asserted change in country conditions—if there has even been a change—is nothing new either. The 2010 State Department report Petitioner relies on describes the current state of the country's birth limitation policy as "retain[ing]" the coercive elements from the past. The 2010 report also refers to a law from 2002 (ten years before Petitioner filed her motion to reopen), which standardized the implementation of China's birth limitation policy.

I would hold the BIA did not abuse its discretion in denying Petitioner's motion to reopen.