FILED

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMED TRAWALLY,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71581

Agency No. A097-101-862

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Petitioner Mohamed Trawally ("Trawally") seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of his application for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT").[1]  Trawally argues that he was persecuted by

Sierra Leonean rebels because of his political affiliation and religion, and that he

fears for his life if he were to be removed to Sierra Leone.  The BIA affirmed the

IJ's dismissal of his application on the ground that conditions in Sierra Leone have

changed such that Trawally no longer has a well founded fear of persecution

should he be forced to return.  The BIA also found a discretionary grant of asylum

for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii) was not warranted in

Trawally's case.

Although Trawally raised the issue of humanitarian relief in his notice of

appeal, he did not address the issue in his brief to the BIA.  Nevertheless, the BIA

considered the issue.  As the government acknowledges, "[c]laims addressed on

the merits by the BIA are deemed exhausted," even if the claims were not raised in

the briefing before the BIA.  Ahmed v. Holder, 569 F.3d 1009, 1012 (9th Cir.

2009).

In denying relief, the BIA simply said that "a discretionary grant of

asylum . . . is not warranted in this case."  The BIA offered no reasons or analysis.

The difficulty is that this conclusion, without any support or explanation, fails to

provide us with a basis to review the decision.  See Lopez-Galarza v. INS, 99 F.3d

---

[1] Trawally makes no arguments specific to withholding of removal or his claim under CAT, so we do not consider these claims on appeal.

954, 962 (9th Cir. 1996) ("A more serious problem with the BIA's decision, however, is that the BIA simply failed to analyze whether Lopez-Galarza had suffered under atrocious forms of past persecution.") (internal quotations omitted); see also Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."); Mattis v. INS, 774 F.2d 965, 968 (9th Cir. 1985) ("[T]he BIA's failure to address the evidence presented or to articulate reasons for its negative conclusion was an abuse of discretion requiring reversal and remand."). The BIA must, at the very least, recite the facts that support a grant or denial of humanitarian asylum, compare these facts to other cases, such as Matter of Chen, 20 I&N Dec. 16 (BIA 1989), and express its determination whether or not Petitioner has alleged treatment sufficiently "atrocious" to warrant humanitarian relief. We grant the petition as to this claim and remand to the BIA for further proceedings consistent with this disposition.

Substantial evidence supported the BIA's conclusion that country conditions in Sierra Leone had changed such that Trawally no longer had a well founded fear of persecution. See INS v. Elias-Zacharias, 502 U.S. 478, 481 (1992). The BIA made its determination based on the State Department country report and noted the specific facts supporting its conclusion.

**PETITION GRANTED IN PART AND DENIED IN PART.** Each party

shall bear its own costs on appeal.