NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ALFONSO CHAPA MARTINEZ; MARTHA NAYELY CALDERON MORALES; V.G.C.C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5899 <br><br> Agency Nos. <br> A244-045-953 <br> A244-045-956 <br> A244-045-959 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Victor Alfonso Chapa Martinez (Chapa Martinez), Martha Nayely Calderon

Morales (Calderon Morales), and V.G.C.C. (collectively, Petitioners), natives and

citizens of Mexico, seek review of a decision of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(BIA) affirming the denial by an Immigration Judge (IJ) of: (1) Calderon Morales's humanitarian asylum claim; and (2) Chapa Martinez's Convention Against Torture (CAT) claim.[1]  Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252.  We review questions of law de novo and factual findings for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We remand the petition as to Calderon Morales's humanitarian asylum claim and deny the petition as to Chapa Martinez's CAT claim.[2]

1. <u>Calderon Morales's Humanitarian Asylum Claim</u>.  The parties agree that remand of this claim is appropriate because the BIA applied the wrong standard. In its amended decision, the BIA affirmed the IJ's denial of Calderon Morales's humanitarian asylum claim because "she has not established compelling reasons for being unwilling or unable to return to Mexico arising out of the severity of her past persecution, or a reasonable possibility of 'other serious harm' upon removal to Mexico."  "The BIA must, at the very least, recite the facts that support a grant

---

[1]     Chapa Martinez and Calderon Morales are derivative beneficiaries on each other's applications.  V.G.C.C. is their son.  He is a derivative beneficiary on both of his parents' applications.

[2]     The government argues that Petitioners have forfeited any challenge to the denial of their asylum and withholding of removal claims, as well as Calderon Morales's CAT claim.  Petitioners do not contest that they forfeited these claims.

or denial of humanitarian asylum, compare these facts to other cases, such as *Matter of Chen,* 20 I. & N. Dec. 16 (BIA 1989), and express its determination whether or not Petitioner has alleged treatment sufficiently 'atrocious' to warrant humanitarian relief." *Trawally v. Holder*, 396 F. App'x 346, 347 (9th Cir. 2010); *see also Lopez-Galarza v. I.N.S.*, 99 F.3d 954, 962 (9th Cir. 1996); *Lal v. I.N.S.*, 255 F.3d 998, 1004–08 (9th Cir.), *amended on reh'g*, 268 F.3d 1148 (9th Cir. 2001). We remand to the BIA to apply the proper standard to this claim.

2. <u>Chapa Martinez's CAT Claim</u>. The BIA discussed only Chapa Martinez's failure to show that the Mexican government would acquiesce to future torture. But, when lack of analysis "suggests that the BIA gave significant weight to the IJ's findings," we may consider the BIA's decision and also look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1197 (9th Cir. 2000) (as amended). Here, the BIA generally relied on the IJ's findings, repeatedly stating that it discerned no clear error in them. The IJ denied Chapa Martinez's CAT claim for four reasons: (1) the past harm Chapa Martinez suffered in Mexico did not rise to the level of torture; (2) he had not established that the government acquiesced in his past harm; (3) he had not met his burden to show that it is more likely than not that he will be tortured upon return to Mexico; and (4) he had not established that the government would acquiesce in any future torture. The IJ's reasons for denying the petition as

to Chapa Martinez's CAT claim are supported by substantial evidence in the record.

**PETITION GRANTED IN PART AND DENIED IN PART.**